CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 12 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MICHAEL BERNIER, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>COLUMBIA GAS TRANSMISSION CORPORATION,<br><br>*Defendant.* | CIVIL ACTION NO. 3:05CV00011<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

Before the Court is the United States Magistrate Judge's Report and Recommendation of July 15, 2005 on the Plaintiffs' Motion to Remand and the Defendant's Motion to Dismiss filed pursuant to FED. R. CIV. P. 12(b)(6). The Report also addresses the Plaintiffs' verbal motion to voluntarily dismiss Count Four of their complaint. The Magistrate's Report recommends that this Court deny the Plaintiffs' Motion to Remand, deny the Defendant's Motion to Dismiss, grant the Plaintiffs' verbal motion to voluntarily dismiss Count Four, and dismiss Count Four. On July 25, 2005, the Defendant filed timely objections to the Report's recommendation that its Motion to Dismiss be denied. This Court has performed a *de novo* review of the portions of the Magistrate's Report to which the Defendant has objected. *See* U.S.C. § 636(b)(1)(C) (West 1993 and Supp. 2000); FED.R.CIV.P. 72(b).

Having thoroughly considered the entire case, all relevant law, and for the reasons stated

1

herein, the Court shall DENY the Plaintiffs' Motion to Remand, GRANT the Plaintiffs' motion to voluntarily dismiss Count Four, and GRANT the Defendant's Motion to Dismiss as to all remaining counts. Accordingly, the Magistrate's Report and Recommendation shall be ACCEPTED IN PART and REJECTED IN PART.

## I. Procedural History

On January 28, 2005, Michael Bernier and Rixey Chilton Bernier (collectively, "the Plaintiffs") filed a Bill of Complaint against the Columbia Gas Transmission Corporation in the Circuit Court of Culpeper County, Virginia. This complaint contains four counts related to the Defendant's construction of an aboveground gas valve facility on the Plaintiffs' real property in Culpeper County, Virginia. In Count One of the complaint, the Plaintiffs allege that the Defendant violated the terms of a gas transmission easement that encumbers their property by constructing a gas valve facility above the level of cultivation. In the alternative, Count One alleges that even if the easement allowed the Defendant to construct this facility, it has violated easement terms by not compensating them for damages caused by the construction of the facility. Count Two alleges that the Defendant trespassed on the Plaintiffs' property when it came onto the property to construct the facility without the Plaintiffs' permission. Count Three requests that the Court grant declaratory relief in the form of finding that the construction of the facility is not permitted under the easement. Count Four alleges that the Defendant is a state agency under Section 25.1-400 of the 1950 Code of Virginia, as amended, and that the Defendant has taken their property for public use, without adequate compensation, in violation of Article 1, Section 11 of the Constitution of Virginia.

On February 24, 2005, the Defendant filed a Notice of Removal, asserting diversity

jurisdiction under 28 U.S.C. §§ 1441 and 1332. On March 2, 2005, the Defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim as to all counts. The Plaintiffs filed a motion to remand back to state court on the grounds that complete diversity of citizenship is lacking.

## II. Factual Background

The gas transmission easement at issue in this case dates back to March 29, 1966, when the Defendant's predecessor in interest, the Atlantic Seaboard Corporation, acquired the easement from Robert S. Chilton, Jr. and Catherine P. Chilton for consideration of $975.00. The Plaintiffs acquired the encumbered property on April 9, 1986 from R. Scott Chilton III and Michalene M. Chilton. The easement is in the form of a form agreement with pre-printed terms, subject to some interlineated additions and deletions. The easement grants the Defendant, as successor in interest, the "right to lay, maintain, operate and remove a pipeline for the transportation of gas, and appurtenances, including cathodic protection, necessary to operate said pipeline, on, over and through a right of way easement . . . over and through Our lands . . . ." The easement also contains a restriction requiring the "gas line" to be constructed below cultivation. That provision reads as follows:

> "It is agreed that the gas line to be laid under this grant shall be constructed and maintained below cultivation, so that Grantors may fully use and enjoy the premises, except for the purposes herein granted to the said Grantee and provided that said Grantor shall not place or permit to be placed any house, structures, trees or obstructions on or over or that will interfere with the construction, maintenance, operation or removal of the pipeline or appurtenances constructed hereunder . . . ."

3

The easement also provides that the grantee is to "pay for any damages that may arise from the maintenance, operation, and removal of said lines."

On or about March 25, 2004, the Defendant constructed an aboveground gas valve facility on the Plaintiffs' property without the Plaintiffs' knowledge or consent. The Plaintiffs allege that this construction was the first time since the 1966 easement agreement that the Defendant has constructed or maintained any part of the gas line above the level of cultivation. They also state that the facility has three primary functions: (1) to provide a bypass for the gas line while the facility is being maintained; (2) to provide for automatic shut-off of gas flow; and (3) to allow temporary "blow-offs" of gas into the atmosphere during maintenance.

## III. Standard of Review

When a plaintiff seeks to remand to state court for lack of subject matter jurisdiction, the burden is on the defendant to establish the subject matter jurisdiction of the court to which the action has been removed. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

In deciding any motion to dismiss under FED. R. CIV. P. 12(b), a court must construe the plaintiff's pleadings liberally, taking all facts alleged in the complaint as true and resolving all doubts and drawing all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999); Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 1363 at 463 (West Supp. 2004). A motion to dismiss for failure to state a claim under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738,

4

746 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court is not required to accept any legal conclusions offered in the complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979).

## IV. Discussion

### A. Motion to Remand

In their Motion to Remand, the Plaintiffs assert that diversity of citizenship is lacking, depriving this Court of jurisdiction under 28 U.S.C. § 1332. Although the Defendant is a Delaware corporation, the Plaintiffs maintain that the Defendant is also a citizen of Virginia under § 1332(c)(1), which provides that a corporation is a citizen of the state where it maintains its principal place of business. The Plaintiffs assert that the Court should apply the "nerve center" test and find that the Defendant is a citizen of Virginia because it has its home office and nerve center in Fairfax, Virginia. The Magistrate's Report, however, notes that the Fourth Circuit has previously found that the Defendant is a citizen of West Virginia. *See Columbia Gas Transmission Corp. v. Burdette Realty Improvement, Inc.*, 102 F.Supp.2d 673, 675 (S.D.W.Va. 2000), *aff'd* 62 Fed.Appx. 544 (4th Cir. 2003) (unpublished opinion).[1] Not having been presented with any change in circumstances which would warrant a departure from this holding, the Magistrate found that the Defendant is a citizen of West Virginia and denied the motion to

---

[1] Numerous cases from other circuits have found the Defendant to be a citizen of West Virginia as well. *See, e.g., Columbia Gas Transmission Corp. v. An Exclusive Gas Storage Easement*, 76 F.2d 125, 126 (6th Cir. 1985); *Columbia Gas Transmission Corp. v. Lauren Land Co., Inc.*, 180 F.R.D. 322, 323 (E.D. Ky 1998); *Columbia Gas Transmission Corp. v. Davis*, 33 F.Supp.2d 640, 641 (S.D. Ohio 1998); *Columbia Gas v. Tarbuck*, 845 F.Supp. 303, 304 (W.D. Pa. 1994); *Columbia Gas Transmission Corp. v. Bishop*, 809 F.Supp. 220, 221 (W.D.N.Y. 1992); *Swango Homes Inc. v. Columbia Gas Transmission Corp.*, 806 F.Supp. 180 (S.D. Ohio 1992).

5

remand.

The Plaintiffs filed no objections to this finding. The Court stands in agreement with the Magistrate and finds that the Defendant is a citizen of West Virginia and that there is diversity of citizenship in this case because the Plaintiffs are citizens of Virginia. Since the Plaintiffs ask for relief in excess of $75,000, the Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, the Court will deny the Plaintiffs' Motion to Remand.

### B. Motion to Dismiss

#### i. Breach of Contract claim

In their complaint, the Plaintiffs claim that the aboveground construction of the gas valve facility violates the terms of the easement because the easement requires that "the *gas line* to be laid under this grant shall be constructed and maintained below cultivation." (emphasis added). The Defendant counters that this language only requires that the "pipeline" be constructed below cultivation and does not apply to appurtenances such as the gas valve facility in question. At issue, therefore, is construction of the words "pipeline" and "gas line." The Plaintiffs' position is that the two are not the same and that "gas line" encompasses the pipeline and any appurtenances thereto. This interpretation, of course, would make the easement require appurtenances such as the gas valve facility to be constructed below cultivation. At the very least, the Plaintiffs contend, "gas line" is ambiguous as to this issue, allowing their complaint to survive a motion to dismiss. The Defendant takes the opposite stance and asserts that "gas line" is not ambiguous and that it refers only to the pipeline and not to any appurtenances thereto. Under this interpretation, the easement would only require the pipeline, and not appurtenances, to be constructed underground.

6

This case, therefore, turns on whether the term "gas line" is ambiguous and capable of being interpreted to include pipelines for the transportation of gas and appurtenances thereto. If the term is ambiguous, then construction of its meaning is a determination of fact that precludes dismissal on a motion to dismiss. *See Martin Marietta Corp. v. International Telecommunications Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992). Whether the term is ambiguous is a question of law. *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 726 (4th Cir. 2000). Under Virginia's rules of contractual interpretation, a term is ambiguous if "it may be understood in more than one way or when it refers to two or more things at the same time." *Westmoreland-LG&E Partners v. Virginia Power*, 254 Va. 1, 11 (1997); *Pocahontas Mining L.L.C. v. Jewell Ridge Coal Corp.*, 263 Va. 169, 173 (2002). A contract is not ambiguous simply because the parties to the contract disagree about the meaning of its language. *Dominion Savings Bank v. Costello*, 257 Va. 413, 416 (1999). In determining the meaning of a contractual provision, the words used are given their usual, ordinary, and popular meaning. *D.C. McClain, Inc. v. Arlington County*, 249 Va. 131, 135 (1995). When language in an easement is clear and not ambiguous, a court should look no further than the four corners of the contract to determine its meaning. *Pyramid Dev., L.L.C. v. D&J Assocs.*, 262 Va. 750, 754 (2001) (citing *Gordon v. Hoy*, 211 Va. 539, 541 (1971)).

The Court finds that the term "gas line" is clear and only capable of being understood to mean a "pipeline for the transmission of gas." The term "gas line" has been defined to mean " a pipeline used to transport natural gas." *WordNet 2.0*, Princeton University (2003), http://wordnet.princeton.edu/perl/webwn (search "gas line"). Additionally, a "line" has been defined to mean "piping for conveying a fluid (as steam, gas, water, oil) from one location to

another," Webster's Third International New Dictionary Unabridged 1314 (1961), and "a pipe or system of pipes for conveying a fluid: gas lines." The American Heritage Dictionary of the English Language (4th ed. 2000). An "appurtenance," however, has been defined to mean "something added to another, more important thing; an appendage." *Id.* Thus, the ordinary meaning of the term "gas line" clearly indicates a pipeline used for transporting gas. Moreover, because a "gas line" is as a "pipeline for the transportation of gas," it could not also encompass appurtenances, whether those are described as appurtenances to a pipeline or appurtenances to a gas line. Appurtenances are by their very nature separate and distinct from the object to which they are added, and if they are subsumed into the definition of this main object, they would no longer be appurtenant to anything. Therefore, popular usage of the term "gas line" refers only to a pipeline used to transport gas and not to any appurtenances to the pipeline.

The language of the easement in no way suggests that the parties thereto intended anything other than this common, popular usage of "gas line" and "appurtenances." The easement clearly contemplates appurtenances as being distinct from the pipeline since these are twice referred to as separate objects in the same sentence.[2] Similarly, the easement leaves no doubt that the "gas line" is the same thing as the "pipeline" since the latter is qualified as a "pipeline for the transportation of gas." Since the "gas line" is the "pipeline" and the pipeline is distinct from facilities appurtenant to it, the "gas line" cannot be understood to encompass

---

[2]The granting clause gives the Defendant the right to "lay, maintain, operate and remove a pipeline for the transportation of gas, and appurtenances . . . necessary to operate said pipeline." The restriction clause forbids the Plaintiff placing or permitting to be placed "any house, structures, trees or obstructions on or over or that will interfere with the construction, maintenance, operation or removal of the pipeline or appurtenances constructed hereunder. . . ."

8

appurtenances.

Nor is the easement's restriction clause ambiguous as to whether it applies to appurtenances in addition to the gas line. First, the explicit language of the clause only requires the gas line to be laid below cultivation. Second, any reading which extended that requirement to appurtenances would render meaningless another provision in the granting clause. The granting clause of the easement gives the Defendant the right to lay and maintain a pipeline and appurtenances "on, *over* and through a right of way easement . . . *over* and through Our lands . . . ." (emphasis added). This language shows that the parties clearly intended to permit *something* to be built *over* the right of way running through the Plaintiffs' property. Construing the restriction clause to require both the pipeline and appurtenances to be built below cultivation would not allow *anything* to be built "over" the Plaintiffs' property. This interpretation would make the word "over" mere surplusage and would vitiate the rights possessed by the grantee in connection with that word. Thus, the Court concludes that the easement only requires the pipeline, and not appurtenances thereto, to be laid and maintained below cultivation.

The Court, finally, notes that under Virginia law, use of an easement "includes those uses which are incidental and necessary to the reasonable and proper enjoyment of the easement, but is limited to those that burden the servient estate as little as possible." *Scott v. Karmy*, 52 Va. Cir. 118, 124 (Va. Cir. Ct. 2000) (quoting 25 Am. Jur. 2d, Easements and Licenses, § 83); *see also Lynchburg v. Smith*, 166 Va. 364, 369 (1936); *and County of Patrick v. United States*, 596 F.2d 1186, 1191 (4th Cir. 1979). The easement in question specifically allows for the construction of appurtenances necessary to operate the pipeline and the Plaintiffs do not allege that the gas valve facility is unnecessary for that purpose, only that it should have been placed underground. Since

the terms of the easement do not require appurtenances such as necessary gas valve facilities to be placed underground, the Plaintiffs' complaint fails to state a claim for breach of contract on these grounds.

The Plaintiffs also claim, in the alternative, that even if the Defendant was entitled to build the aboveground facility, the easement still required it to compensate them for damages arising from the maintenance, operation, and removal of the pipeline. The Plaintiffs claim that the Defendant has breached this provision by not compensating them for damages arising from the construction of the gas valve facility. The Plaintiffs' complaint does not suggest that they are seeking compensation for damages incidental to the construction of the gas valve facility. Rather, they appear to be claiming that they are entitled to damages simply because the Defendant has exercised its right to construct an aboveground appurtenance to the gas line. While the easement clearly entitles the Plaintiff to compensation for damages incidental to the exercise of a right granted by the easement, it does not entitle them to damages merely because the Defendant chooses to do what it is lawfully entitled to do. The Defendant, in return for the consideration of $975.00 paid to the grantors of the easement, has the right to use all of the rights, powers and privileges covered by the terms of the easement, so long as it does so in a way that does not unnecessarily burden the Plaintiffs' property. *See Lynchburg v. Smith*, 166 Va. 364, 369 (1936). Therefore, the Plaintiffs' alternative claim for breach of contract fails to state a claim insofar as it only seeks compensation for the Defendant's use of its right rather than for damages incidental to this. Accordingly, the Court shall grant the Defendant's motion to dismiss. This dismissal shall be without prejudice as to the Plaintiffs' alternative claim for damages.

### ii. Trespassing claim

The Court also concludes that the easement entitled the Defendant to enter onto the Plaintiffs' land in order to construct the gas valve facility, which the Plaintiffs concede serves to maintain the pipeline. *See also Lynchburg v. Smith,* 166 Va. at 369; *Karmy,* 52 Va. Cir. at 124. A holder of an easement is entitled to uses incidental and necessary to the enjoyment of the easement. *Karmy,* 52 Va. Cir. at 124. The Court finds that entering onto the Plaintiffs property is a use necessary to installing and maintaining a permitted appurtenance. Accordingly, the Plaintiffs fail to state a claim for trespass based on the construction and maintenance of the gas valve facility. The Defendant's motion to dismiss shall be granted as to this count.

### iii. Declaratory relief

For the reasons explained above, the Court declines to find that the gas valve facility was constructed beyond the scope of the easement.

## V. Conclusion

In conclusion, for the above stated reasons, the Court shall accept in part and reject in part the Magistrate Judge's Report and Recommendation. The Court shall deny the Plaintiffs' Motion to Remand; grant the Plaintiffs' verbal motion to dismiss Count Four; dismiss Count Four; grant the Defendant's Motion to Dismiss as to all remaining counts; and dismiss all remaining counts. The dismissal of the Plaintiffs' alternative claim for damages in Count One is without prejudice. An appropriate order this day shall issue.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record and to Magistrate Judge Crigler.

11